Filed 8/17/22  In re K.L. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re K.L., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B319543 (Super. Ct. No. FJ57180) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>K.L.,<br><br>    Defendant and Appellant. | |

K.L. appeals from the April 7, 2022 order of the juvenile court terminating his placement home on probation and ordering him placed at camp for a maximum confinement period of 3 years 10 months.  He contends the juvenile court erred because it had already dismissed the Welfare & Institutions

Code, section 602[1] petition then pending against him and there was no pending probation violation petition. (§777.) K.L. further contends the maximum confinement period set by the juvenile court violates section 730, subdivision (a)(2) because it exceeds a three-year commitment. Respondent correctly concedes both errors. Because there was no pending section 777 petition and the juvenile court dismissed the pending section 602 petition, there was no basis for the April 7, 2022 camp placement order. The order also sets an excessive maximum confinement period. Accordingly, we reverse the order dated April 7, 2022.

FACTS

In three separate petitions under section 602, K.L. was alleged to have committed a series of robberies between April and August 2020. He admitted to one felony second degree burglary (Pen. Code, §§459, 460, subd. (b)), one attempted second degree robbery (Pen. Code, §§ 664, 211) and one misdemeanor grand theft. (Pen. Code, § 487, subd. (c).) After the first section 602 petition was filed, the juvenile court ordered K.L. placed at home on probation. When the second petition was filed in October 2020, the juvenile court ordered K.L. detained in juvenile hall. He remained at juvenile hall or in a short term residential treatment program (STRTP) for the next 13 months. In August 2021, K.L.'s probation officer filed a section 777 petition alleging that K.L. violated the conditions of his probation by using fentanyl, fighting, and engaging in other misconduct while placed at a STRTP. K.L. admitted the allegations. The trial court ordered K.L. placed at a different STRTP. On November 8, 2021,

_____

[1] All further statutory references are to the Welfare & Institutions Code, unless otherwise stated.

2

the juvenile court terminated its prior placement order and ordered K.L. released to his mother on probation.

On December 16, 2021, a fourth section 602 petition was filed alleging that K.L. committed six second degree robberies. The section 602 petition was not accompanied by a petition under section 777, alleging that K.L. violated the terms of his probation in the prior three petitions. The court ordered K.L. detained at juvenile hall.

The December 16, 2021 petition went to trial in April 2022. At no time prior to trial did K.L.'s probation officer or the prosecutor file a section 777 probation violation petition. After the prosecution rested its case in chief, the juvenile court found, "I don't believe the People have met their burden." The juvenile court based this finding on its determination that the victims' identifications of appellant as one of the robbers were problematic. It granted K.L.'s motion to dismiss all six counts alleged in the petition. However, the court then found by clear and convincing evidence that K.L. was "involved" in the robberies and announced its intention to "send him to camp." At a hearing two days later, the juvenile court rejected K.L.'s contention that no section 777 petition was pending. It entered the order placing K.L. at camp for five to seven months with a maximum term of confinement of 3 years 10 months.

DISCUSSION

*Camp Placement Order*

"An order changing or modifying a previous order by removing a minor from the physical custody of a parent . . . and directing . . . commitment to a county institution . . . shall be made only after a noticed hearing." (§777.) In this case, the only section 777 petition filed against K.L. was filed in August 2021

3

and it related to his misconduct while placed at a STRTP. K.L. admitted the allegations and continued in his placement at another STRTP. On November 8, 2021, after receiving reports that K.L.'s behavior had dramatically improved, the juvenile court terminated its placement order and ordered K.L. returned to the custody of his mother on probation.

No probation violation petition was pending when the fourth section 602 petition was filed against K.L. in December 2021. After reviewing the prosecution's evidence, the juvenile court dismissed all six counts alleged in that petition. At that point, there was no section 777 petition pending. The court had no basis for ordering K.L. placed at camp. Its placement order must be reversed.

Respondent asks us to reverse the placement order "without prejudice to the People filing a section 777 notice based on the December 14, 2021 robberies." It is not necessary for us to do so. If the People file a section 777 petition relating to K.L.'s conduct on December 14, the juvenile court will need to determine whether the petition complies with section 777 by alleging "a violation of a condition of probation not amounting to a crime." (§ 777, subd. (a)(2).)

*Maximum Confinement Period*

In connection with the first three petitions filed against him, K.L. admitted that he committed one second degree burglary, one attempted second degree robbery and one misdemeanor grand theft. On November 8, 2021, the juvenile court placed K.L. at home on probation for each of these offenses. Its April 7, 2022 order terminated the probation granted on November 8, 2021, ordered K.L. placed at camp and set his maximum confinement period at 3 years 10 months. The parties

4

correctly agree this was error.  Should further proceedings be required, the maximum confinement period for the offenses previously adjudicated against K.L. is three years.

Section 730, subdivision (a)(2) provides, "[a] court shall not commit a juvenile to any juvenile facility for a period that exceeds the middle term of imprisonment that could be imposed upon an adult convicted of the same offense."  (*Ibid*.)  The middle term for both second degree burglary and attempted second degree robbery is two years.  (Pen. Code, §§ 213, subd. (b), 461, subd. (b), 1170, subd. (h)(1).)  The term for misdemeanor grand theft is one year.  (Pen. Code, § 489, subd. (c)(1).)  Subordinate terms for felonies or misdemeanors consist of one-third of the middle term.  (§726, subd. (d)(3); Pen. Code, § 1170.2, subd. (a).)  Thus, the maximum confinement period for the offenses previously adjudicated against K.L. is three years, calculated as follows:  two years (the mid-term for either felony), plus eight months (one-third the mid-term for the other felony), plus four months (one-third the term for misdemeanor grand theft).

DISPOSITION

The order dated April 7, 2022 is reversed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.                                        PERREN, J.*

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Robert J. Totten, Commissioner

Superior Court County of Los Angeles

_____

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Gary A. Lieberman, Deputy Attorney General, for Plaintiff and Respondent.